UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | Case No. CV 20-03459-DMG (JC) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | |
| RAYBON C. JOHNSON, et al., | |
| Defendants. | |

## I.  BACKGROUND AND SUMMARY

On April 14, 2020, plaintiff Kevin Darnell Bryant, who is in state custody, is proceeding *pro se,* and has since been granted leave to proceed without prepayment of the filing fee ("IFP"), filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983.

As plaintiff is a prisoner and is proceeding IFP, the assigned Magistrate Judge screened the Original Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

///

On March 16, 2021, the Magistrate Judge issued an Order Dismissing [the Original] Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("March 2021 Order").[1] [Doc. # 21.] The March 2021 Order advised plaintiff that the Original Complaint was deficient for reasons described in the March 2021 Order and dismissed the Original Complaint with leave to amend.[2]

On May 14, 2021, plaintiff filed a First Amended Complaint. [Doc. # 27.] The gravamen of plaintiff's First Amended Complaint was that prison officials from the California State Prison, Los Angeles County in Lancaster, California ("CSP-LAC") – where plaintiff was formerly housed – engaged in various actions

---

[1]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019); *see also Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge *may* dismiss a complaint with leave to amend without the approval of a district judge. *See id.* at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); *see also Hunt v. Pliler*, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting *McKeever*, 932 F.2d at 798). The March 2021 Order expressly notified plaintiff that (1) the March 2021 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the March 2021 Order if such party did not seek review thereof or object thereto. (March 2021 Order at 27 n.10).

[2]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other deficiencies, violated Rules 8 and 10 of the Federal Rules of Civil Procedure, failed to state First Amendment and Eighth Amendment claims against multiple defendants, and failed to state Fourteenth Amendment due process and equal protection claims.

that, among other things, violated plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment and deliberate indifference to serious threats to his safety, his First Amendment rights to seek redress in the courts and to be free from retaliation therefor, and his Fourteenth Amendment right to due process. Plaintiff sought various remedies, including damages, declaratory relief and an order requiring prison officials to transfer plaintiff to another facility.

On November 16, 2021, the Magistrate Judge screened the First Amended Complaint and issued an Order Dismissing First Amended Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("November 2021 Order").[3] [Doc. # 28.] The November 2021 Order advised plaintiff that the First Amended Complaint was deficient for reasons described in the November 2021 Order and dismissed the First Amended Complaint with leave to amend.[4]

After multiple extensions of time, plaintiff filed a Second Amended Complaint on July 13, 2022, again seeking monetary, declaratory, and other relief based on claims that numerous CSP-LAC officials had violated plaintiff's First, Eighth, and Fourteenth Amendment rights. [Doc. # 35.]

On September 25, 2023, the Magistrate Judge screened the Second Amended Complaint and issued an Order Dismissing Second Amended Complaint with

---

[3]The November 2021 Order expressly notified plaintiff that (1) the November 2021 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the November 2021 Order if such party did not seek review thereof or object thereto. (November 2021 Order at 29 n.12).

[4]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the First Amended Complaint, among other deficiencies, violated Rules 8 and 10 of the Federal Rules of Civil Procedure, failed to state First Amendment and Eighth Amendment claims against multiple defendants, and failed to state a Fourteenth Amendment due process claim.

Leave to Amend and Directing Plaintiff to Respond to Order ("September 2023 Order").[5] [Doc. # 41.] The September 2023 Order advised plaintiff that the Second Amended Complaint was deficient for reasons described in the September 2023 Order, dismissed the Second Amended Complaint with leave to amend, and directed plaintiff, within twenty days (*i.e.*, by October 16, 2023), to file one of the following: (1) a third amended complaint which cures the pleading defects described in the September 2023 Order; (1) a notice of dismissal; or (3) a notice of intent to stand on the Second Amended Complaint.[6] The September 2023 Order expressly cautioned plaintiff that the failure timely to file a third amended complaint, a notice of dismissal, or a notice of intent to stand on the Second Amended Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the September 2023 Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the September 2023 Order.

The October 16, 2023 deadline expired without any action by plaintiff to comply therewith. Plaintiff has not sought review of, or filed any objection to the September 2023 Order and to date, has not complied with the September 2023

---

[5] The September 2023 Order expressly notified plaintiff that (1) the September 2023 Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the September 2023 Order if such party did not seek review thereof or object thereto. (September 2023 Order at 24 n.5).

[6] Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Second Amended Complaint, among other deficiencies, violated Rule 8 of the Federal Rules of Civil Procedure, failed to state First Amendment and Eighth Amendment claims against multiple defendants, and failed to state a Fourteenth Amendment due process or equal protection claim.

Order. As discussed below, this action is dismissed due to plaintiff's unreasonable failure to prosecute and his failure to comply with the September 2023 Order.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (as amended), *cert. denied*, 506 U.S. 915 (1992); *see also McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." *Ferdik*, 963 F.2d at 1261 (citation omitted). In

addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. *See McKeever*, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (citing *id.*).

### III.  DISCUSSION AND ORDER

First, the Court has reviewed the March 2021 Order, the November 2021 Order, and the September 2023 Order and finds that they adequately and properly notified plaintiff of the deficiencies in the Original Complaint, the First Amended Complaint, and the Second Amended Complaint, respectively, and afforded plaintiff an opportunity to amend effectively. This Court agrees with and adopts the March 2021, November 2021, and September 2023 Orders, and finds that the Magistrate Judge properly dismissed the Original Complaint, First Amended Complaint, and Second Amended Complaint with leave to amend for the reasons discussed therein.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the September 2023 Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, plaintiff has been notified of the deficiencies in the Second Amended Complaint

and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon, and plaintiff has not responded in any manner. *See Edwards*, 356 F.3d at 1065. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the September 2023 Order, and plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. *See, e.g., Yourish*, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's unreasonable failure to prosecute and his failure to comply with the September 2023 Order.

IT IS SO ORDERED.

DATED: March 29, 2024

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE